IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rashawn Bailey, | ) | C/A No. 0:15-1895-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Cpt. Robinson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Rashawn Bailey, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.[1]

**I.     Procedural Background**

Plaintiff complains that a prison employee failed to secure Plaintiff's door on April 17, 2015 resulting in the loss of his television and headphones.[2] (ECF No. 10 at 3.) Plaintiff does not indicate the type of relief sought in this case. (Id. at 5.)

---

[1] To preserve issues in this case and to give liberal construction to the pleadings, Plaintiff's Complaint (ECF No. 1) has been appended to the Amended Complaint (ECF No. 10) as an attachment (ECF No. 10-1).

[2] While several prison employees are discussed in the pleading, the Amended Complaint clarifies that Cpt. Robinson is the only defendant named in this action. (ECF No. 10 at 1-2.)



**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3] 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[3] Screening pursuant to § 1915A is subject to this standard as well.



charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).



### 1.     Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); see also Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) ("The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing any action under federal law with respect to confinement.").  The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  While a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, Jones v. Bock, 549 U.S. 199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate.  See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006).

In this case, Plaintiff indicates that he filed a Step One grievance regarding his stolen property on April 17, 2015.  (ECF No. 10 a 2.)  Plaintiff further states that no final agency determination regarding the grievance had been received at the time he signed the Amended Complaint.[4]  (Id.)  As it is clear from the face of Plaintiff's pleading that he filed the Amended

---

[4] While Plaintiff did not sign the Complaint in this action, it was received in the prison's mailroom on April 28, 2015 for mailing to the court.  (ECF No. 10-1 at 6.)  Plaintiff signed the Amended Complaint on May 18, 2015 and submitted it to the prison's mailroom on May 19, 2015. (ECF No. 10 at 5; ECF No. 10-3 at 1.)



Complaint prior to the exhaustion of his administrative remedies, Plaintiff's § 1983 claims against Defendant Robinson are subject to summary dismissal for lack of exhaustion.

### 2. Insufficient Factual Allegations to State a Claim

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible"). In the instant action, Plaintiff does not indicate how Defendant Robinson is involved with the alleged loss of his property. Thus, he provides insufficient factual allegations against Defendant Robinson to state a cognizable claim under § 1983.

Further, while the Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. See Daniels v. Williams, 474 U.S.



327, 335-36 n.3 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (holding that Daniels bars an action under § 1983 for negligent conduct).[5]

Moreover, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for such loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause where plaintiff was afforded a meaningful post-deprivation remedy). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). The Amended Complaint in this case provides no indication that the actions resulting in the loss of Plaintiff's property were authorized in any manner. Therefore, Plaintiff has an available post-deprivation remedy under South Carolina law sufficient to satisfy the requirements of due process. Accordingly, the Amended Complaint is subject to summary dismissal.

---

[5] While Plaintiff could pursue a negligence claim in state court, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in this case because the Amended Complaint's federal claims are recommended for summary dismissal. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

PJG

**III.     Conclusion**

For the foregoing reasons, it is recommended that the Amended Complaint (ECF No. 10) be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 4, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).